Curia, per

O’Ngall, J.
The second and third grounds are disposed of by the judge’s report, and the finding of the jury. The first is the only one admitting of argument; and upon it, I am perfectly satisfied that the judge’s construction of the Act of 1834, is correct. (A. A. 1S34, p. 15.)
It provides, “ If any white person shall game with any free negro, person of color, or slave, or shall bet upon any game played, wherein one of the parties is a free negro, person of color, or slave, or shall be willingly present, aiding and abetting, where any game of chance is played as afore *201 said, such person, upon conviction thereof by indictment, shall be whipped not exceeding thirty-nine lashes, and fined and imprisoned at the discretion of the court.”
The general meaning of the word game, is to play at any sport; but in common parlance, it means more commonly to play at some game of chance for money. This latter meaning is, however, narrowed by the Act of 1817, which prohibited play at all games of chance (except whist) with or without betting: ever since its passage, the word game has been understood to mean to play at an unlawful game, without any reference to the fact whether any thing was bet or not.
This meaning would govern me in the construction of the Act of 1834, It however carries with itself the key to the meaning of the word. It provides for the punishment of any person, “ who shall be willingly present, aiding and abetting where any game of chance is played as aforesaid.” The words, “ any game of chance is played as, aforesaid,” refer to the previous-part of the clause, in which the word game is used, and show that the Legislature intend^ to prohibit any white person from playing at any game of chance witjFa free negro, person of color, or slave. Construing the Act in this sense, the defendant was properly convicted, without proof of betting at the .game of Rattle and Snap, which is a game of chance.
The motion is dismissed.
. Harper, DeSaussüre, Evans, Richardson, and Gantt, CC. and JJ, concurred.